# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Robert Dixon,

    Petitioner

v.

Nevada Dept. of Parole and Probation, et al.,

    Respondents

Case No.: 2:17-cv-01636-JAD-GWF

**Order**

    Pro se petitioner and parolee Robert Dixon was convicted in 1989 of two counts of trafficking a controlled substance, and he received a life sentence on each count.[1] An amended judgment was entered, making Dixon eligible parole after 15 years on the first count and after 25 years on the second count.[2] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and argues that his continued custody on parole violates the Sixth and Fourteenth Amendments because his sentence violates NRS 453.3395(2).[3]

    This is Dixon's second attempt to petition for relief in this case. When I screened Dixon's first petition, I found that he had not named the proper respondents, and I ordered him to fix that deficiency in an amended petition by naming "his parole officer, the officer in charge of the state parole agency, [and] the state attorney general as required by the petition form, and possibly the official in charge of the state department of corrections."[4] Dixon did not do so; his amended petition still has the same incorrect-respondent deficiencies that I previously identified. So, I give him one last chance to amend his petition and name the appropriate respondents.

    Accordingly, IT IS HEREBY ORDERED that Dixon **has until July 9, 2018, to FILE a second-amended petition for a writ of habeas corpus that names the correct respondents**.

---

[1] ECF No. 7 at 3.

[2] *Id.*

[3] *Id.*

[4] ECF No. 1.

1

**Dixon MUST name his <u>parole officer</u> and the <u>officer in charge of the parole agency</u>** in the second-amended petition, otherwise this **case will be DISMISSED without further prior notice.**

IT IS FURTHER ORDERED that Dixon must file his second-amended petition **on this court's form** rather than the document that he used for this first-amended petition. Dixon's first-amended petition violates Local Rule LSR 3-1; violating the local rules may also lead to dismissal of an action. Dixon is advised that he must sign **both** signature blocks at the end of this court's form habeas petition. **He must also write the words "SECOND AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must write the case number 2:17-cv-01636-JAD-GWF above the words "SECOND AMENDED."**

An amended petition must be complete in itself, and it must include all claims for relief that the petitioner knows about. I will only consider claims in the second-amended petition. This means that Dixon must include all claims from his original and first-amended petitions in his second-amended petition if he wants me to consider them as bases for granting habeas relief.

**If Dixon fails to file a second-amended petition or files a second-amended petition that still has any of the deficiencies that I have outlined in this order, this case will be DISMISSED without further prior notice.**

The **Clerk of Court** is directed to **SEND to Dixon** two copies of a noncapital § 2254 petition form, instructions for completing it, and one copy of his first-amended petition (ECF No. 7).

Dated: May 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey